United States District Court
District of Connecticut
FILED AT BRIDGEPORT
1-12-2017, 20
Roberta D. Tabora, Clerk
By [signature]
Deputy Clerk

THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

Tania Moorer
c/o 71 Roosevelt Avenue
Non-Domestic
Stratford, Connecticut

Plaintiff

Vs.

U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2006-EC1
101 5th Street East, Suite A
Saint Paul, MN 55101

Defendant

&

BENDETT & McHUGH
160 Farmington Avenue
Farmington, Connecticut 06032

Defendant

&

SELECT PORTFOLIO SERVICING, INC.
P.O. Box 65277
Salt Lake City, Utah 84165

Defendant

&

GLASS & BRAUSS, LLC
25 Lindbergh Street
Fairfield, Connecticut 06824

Defendant

CASE # ____________

JUDGE: 3:17 cv 56 (VAB)

COMPLIANT FOR DAMAGES

CIVIL RIGHTS VIOLATIONS

FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

FAIR CREDIT REPORTING ACT VIOLATIONS

CONSTITUTIONAL VIOLATIONS

**TRIAL BY JURY DEMANDED HEREIN**

## I. JURISDICTION and VENUE

1. This is an action for damages sustained by an Aggrieved woman living in Connecticut, against U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED-CERTIFICATES, SERIES 2006-EC1 of Saint Paul, Minnesota, their agents and associates, SELECT PORTFOLIO SERVICING, INC., BENDETT & McHUGH and GLASS & BRAUS, LLC, who unlawfully trespassed and committed fraud upon and against the Plaintiff and her property and unlawfully slandered Plaintiff's reputation, unlawfully caused monetary and emotional injury to Plaintiff due to their direct and intentional acts.

2. At all times relevant to this complaint, all of the causes of actions were committed within the geographical jurisdiction of this court.

3. This action is brought and evokes the jurisdiction of this court pursuant to Title 15 U.S.C. §1692 and §1681, the 5th Amendment as purview through the 14th Amendment of the Constitution of the United States.

## II. PARTIES

4. Plaintiff Tania Moorer (hereinafter Plaintiff Moorer) is an Aggrieved woman living in Connecticut and at all times relevant to the facts in this complaint was living with her family in the town of Stratford, Connecticut, County of Fairfield, at 71 Roosevelt Avenue (hereinafter property).

5. Defendant U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED-CERTIFICATES,

SERIES 2006-EC1 (hereinafter USBNA) is a financial corporation within the State of Minnesota. At all times relevant to this complaint USBNA is a national bank in the business of buying stale defaulted consumer debt and pursuing collection efforts in the State of Connecticut. At all relevant times USBNA either directly or indirectly trained, controlled, made policy for, employed, supervised, compensated, enriched, or rewarded some or all of the other defendants for their actions starting before and after January 12, 2016. The bank is being sued as a person.

6. Defendant BENDETT & McHUGH, P.C. (hereinafter B & M) is a law firm within the State of Connecticut, in the City of Farmington. At all times relevant to this complaint B &M is in the business of debt collection and/ or was acting in such a capacity as debt collectors, agents, servants, and/ or employees of defendant USBNA, pursuing collection efforts in the State of Connecticut. These Defendants are residents of Hartford County, Connecticut and are being sued in their individual and official capacity.

7. Defendant SELECT PORTFOLIO SERVICING, INC. (hereinafter SPS) is an agency within the State of Utah, in the City of Salt Lake City. At all times relevant to this complaint SPS is a debt collector in the business of collecting debt and is acting in such a capacity as agents, servants, and/ or employees of defendant USBNA, pursuing collection efforts in the State of Connecticut. These Defendants are residents of Salt Lake County, Utah supposedly licensed to do business in the State of Connecticut and are being sued as a person.

8. Defendant GLASS & BRAUS, LLC. (hereinafter G&B) is a law firm within the State of Connecticut, in the City of Fairfield. At all times relevant to this complaint G&B is in the business of debt collection and/ or was acting in such a capacity as debt collectors, agents, servants, and/ or employees of defendant USBNA, pursuing collection efforts in the State of Connecticut. These Defendants are residents of Fairfield County, Connecticut and are being sued in their individual and official capacity.

## III. FACTS

9. Plaintiff Moorer does not have any contracts with USBNA, B&M, G&B or SPS.

10. USBNA, B&M, G&B and SPS are 'debt collectors' pursuant to federal law and by their own admission. See Exhibits A, B, C and D.

11. On or about February 12, 2016 defendant USBNA sent collection correspondence regarding an invalidated debt, to Plaintiff Moorer by U.S. mail through their servicing agent, defendant SPS. See Exhibit E.

12. Defendant USBNA used unconscionable means to collect interest and fees from Plaintiff Moorer that is not expressly authorized by any agreement. See Exhibit E.

13. Defendant USBNA stated a false representation of the alleged character amount. See Exhibit E.

14. On or about July 18, 2016, defendant USBNA threatened, through their service agents defendants SPS, the sale of Plaintiff Moorer's property. See Exhibit F (2).

15. On or about November 20, 2016, defendant USBNA's debt collectors defendant G&B, gave a false implication in their letterhead by Certified mail, that they are acting in an attorney's capacity when in fact, they are retained as third-party debt collectors. See Exhibit B.

16. On or about December 9, 2016, Plaintiff Moorer disputed the validity of the alleged debt by certified mail within 30 days of receiving defendant USBNA's initial demand dated November 20, 2016, sent by defendant G&B. See Exhibit N.

17. On or about the same day of December 7, 2016, defendant USBNA, through their debt collectors, defendant G&B, threatened the sale of Plaintiff Moorer's property rights. See Exhibit F.

18. Also, on or about December 7, 2016, defendant USBNA filed a civil action against Plaintiff Moorer's property through their debt collectors, defendant G&B before her 30-day validation period had expired. See Exhibit F.

19. Defendant USBNA's alleged complaint received by Plaintiff Moorer, has no official Docket Number displayed to reference from, and lacks any authentic sworn to documents to support their alleged claim. See Exhibit F.

20. Defendant USBNA did not cease collection efforts with Plaintiff Moorer, as she requested, in multiple disputes and cease notices.

21. On or about September 12, 2016, defendant USBNA reported false information to Plaintiff Moorer's credit report before validating. See Exhibit G.

22. Defendant USBNA failed to meet reinvestigation procedures in accord with federal law with respect to erroneous credit reporting, as requested by Moorer.

23. Defendant USBNA did not remove false, invalidated information from Plaintiff Moorer's credit report, as she requested. See Exhibit G.

24. Defendant USBNA made a false representation of services rendered to Plaintiff Moorer through their servicing agent, defendant SPS. See Exhibits H.

25. On or about February 23, 2016, defendant USBNA filed a motion for strict foreclosure against Plaintiff Moorer's property through their former debt collectors, defendant B&M. See Exhibit I.

26. On or about June 16, 2016, defendant USBNA filed a motion to open and vacate judgment through their debt collectors, defendant B&M. See Exhibit J.

27. On or about December 7, 2016, defendant USBNA threatens to take action that cannot legally be taken through their debt collectors, defendant G&B. See Exhibit H.

28. On or about September 30, 2015 through January 11, 2016, Plaintiff Moorer had loss of time at work and received psychological treatments for emotional distress and mental anguish as a direct and proximate result of defendant's acts. See Exhibits K, K (2) through K (8).

29. Defendant USBNA did not surrender the original note and deed to Plaintiff Moorer after their alleged claim was dismissed.

30. Defendant USBNA did not return or apply the stolen payment coerced from Plaintiff Moorer by fraud. See Exhibit F (2).

31. As of the date of the filing of this case, defendant USBNA has not discharged or cancelled the invalidated and alleged debt after accepting Plaintiff Moorer's negotiable instrument for value. See Exhibit L.

32. On or about July 14, 2016, defendant USBNA acted in Bad Faith by their continued efforts to collect on an invalidated debt, only eight days after their last Motion against Plaintiff Moorer was denied. See Exhibit F (2).

33. Defendants USBNA, B&M, G&B and SPS's, willful intent was to inflict various injuries to Plaintiff Moorer and various injuries were sustained as a direct and proximate result.

34. At all times herein, the defendants were acting in a fraudulent manner disguised Under Color of Law of the State of Connecticut's statutes, policies and rules.

35. Due to the facts presented in this complaint and the violations of clearly established law by the defendants herein acting in concert Under Color of Law, Plaintiff Moorer was damaged.

36. As a proximate and direct result of defendants' acts herein, Plaintiff Moorer has been damaged because of loss of standing in her community, loss of creditworthiness, loss of time at work, monetary loss, suffering trauma, humiliation, pain, ridicule, mental distress and mental anguish. See Exhibit M.

37. The defendants' actions were, and are unjustified and unlawful.

38. Plaintiff Moorer is now perpetually aggrieved due to the unlawful actions of defendants.

## IV. FEDERAL CAUSES OF ACTION

First Cause

39. All facts set forth in paragraphs numbered 1 through 34 are incorporated herein by reference as paragraphs 1 through 34 of First Cause.

40. Upon information and belief, the defendants being sued, committed over a dozen Federal violations combined, and it is unreasonable that any debt collector would not have known that sending unverified demands through the U.S. mail, not ceasing communications in regard to the alleged debt through the U.S. mails after being requested to do so, stating false representations of the character amount, using unconscionable means to charge fees and interest not allowed by law without contract, stating that nonpayment would result in the sale of her property without due process, secured by the 5th and 14th Amendment, slandering her creditworthiness, defamation of her public character, not removing invalidated information from her credit report, attempting to collect on services not rendered to Plaintiff Moorer, filing unlawful civil actions against Plaintiff Moorer's property rights, giving false implications

of attorneys capacity in letterheads, and continuous harassment and abuse would be a violation of her rights.

41. Due to the facts presented in paragraphs numbered 11 through 15, 17, 18, 20 through 27, and 32, defendants violated Title 15 U.S.C. §1692c, §1692d, §1692e, 1692f, 1692g, 1681i, the 5th Amendment as purview through the 14th Amendment of the Constitution and is liable under aforesaid Federal laws, to Plaintiff Moorer.

Second Cause

42. All facts set forth in paragraphs 1 through 38 are incorporated herein by reference as paragraphs 1 through 38 of Second Cause.

43. The defendants USBNA, B&M, G&B and SPS, willfully intended to cause harmful mental distress to Plaintiff Moorer and harmful mental distress directly resulted from their conduct.

44. Defendants USBNA, B&M, G&B and SPS knew or should have known that their acts were in direct violation of clearly established law and any reasonable bankers, debt collectors, counsel and/ or service agencies would have know that sending correspondence regarding an invalidated debt, using unconscionable means to charge fees and interest not allowed by law without contract, stating false representations of the character amount, giving false implications of attorneys capacity in letterheads, filing unlawful civil actions to deprive Plaintiff Moorer of property, false credit reporting, not removing false credit reporting, not ceasing collection efforts, not discharging alleged debt after accepting instruments for value, and falsely representing services rendered would cause Plaintiff Moorer severe mental distress.

45. As a direct and proximate consequence of the actions of the defendants, Plaintiff Moorer suffered loss of work, severe humiliation, defamation of character, anxiety, stress, emotional distress, mental upset, and loss of time for personal pursuits.

46. Due to the facts presented in paragraphs numbered 11 through 15, 17, 18, 20 through 38, the defendants violated aforesaid Federal law which caused mental and emotional damage to Plaintiff Moorer and are liable for actual damages sustained by her.

## Third Cause

47. All allegations set forth in paragraphs 1 through 38 are incorporated herein by reference as paragraphs 1 through 38 of Third Cause.

48. The defendants USBNA, B&M, G&B and SPS, willfully intended to cause monetary damages to Plaintiff Moorer and damages directly resulted.

49. The defendants willfully intended to inflict monetary damages and knew or should have known that monetary damages was the likely result of their conduct after sending correspondence regarding an invalidated debt, using unconscionable means to charge fees and interest not allowed by law without contract, stating false representations of the character amount, filing civil actions to harass, false credit reporting, not removing false credit reporting, not ceasing collection efforts, not discharging alleged debt after accepting instruments for value, falsely representing services rendered without cause.

50. As a direct and proximate consequence of the actions of the defendants, the Plaintiff suffered costs of medical bills, loss of work, cost of disbursements of this action, costs of litigation, theft of instruments not returned (deed and negotiable instruments), and loss of money for personal needs.

51. Due to the facts presented in paragraphs numbered 11 through 15, 17, 18, 20 through 32, the defendants violated aforesaid Federal law which caused substantial financial loss to Plaintiff Moorer and are liable for actual damages sustained by her.

## Fourth Cause

52. All allegations set forth in paragraphs 1 through 38 are incorporated herein by reference as paragraphs 1 through 38 of Fourth Cause.

53. As a direct and proximate result of the acts of the defendants, as described herein, Plaintiff Moorer suffers harassment and abuses.

54. Upon information and belief, the defendants being sued, maintain a pattern and practice of putting under duress, depriving property without due process, and causing damage without proper foundation as secured by the Fair Debt Collection Practices Act, Fair Credit Reporting Act, the Constitution of the United States and the Uniform Commercial Code as demonstrated by the deprivation of Moorer's rights for the last

several years.

55. It shocks the conscious that the defendants would accumulate so many Federal violations and damages on a regular basis either through willful non-compliance or gross negligence fraud, without consequence.

56. Defendants knew or should have known that violating multiple Federal laws, constantly harassing and oppressing Plaintiff Moorer for several years would clearly show a custom and a policy to cause her extreme physical, mental, emotional and monetary damages.

57. All of the defendants, at all times related herein, acted wantonly, recklessly, willfully, and maliciously in concert, showing a deliberate indifference towards Plaintiff Moorer and her rights protected, and guaranteed, by the Fair Debt Collection Practices Act, Fair Credit Reporting Act, the Constitution of the United States and the Uniform Commercial Code, with the direct intent and sole purpose of injuring, humiliating, vexing, oppressing, and causing mental anguish to Plaintiff Moorer.

58. Due to the facts presented in paragraphs numbered 9 through 38, defendants violated Title 15 U.S.C. §1692 and §1681, the 5th Amendment as purview through the 14th Amendment of Constitution of the united States and Uniform Commercial Code § 3-415.

59. All of the defendants are liable under aforesaid Federal laws for the acts of their employees, agents, partners, attorneys, affiliates and/ or associations committed within the scope of their duties, but outside the scope of their discretion in a long train of abuses showing a clear custom, policy and practice to violate clearly established law and rights as they pertain to Plaintiff Moorer.

## V. PRAYER

WHEREFORE Moorer prays for judgment against the defendants, jointly and severally, as follows:

a. for compensatory damages, the sum of $40,000,000.00;

b. for punitive damages, the sum of $40,000,000.00;

c. for Federal violations, $1,000.00;

d. The note and deed to her home.

e. all costs and disbursements of this action;

f. all attorney's and/ or counsel fees incurred in litigating this action;

g. the right to amend this complaint as warranted by further evidence and fact finding;

h. and other such further relief as the Court deems proper.

TRIAL BY JURY IS HEREBY DEMANDED

Respectfully submitted,

Tania Moorer, Plaintiff Pro Se
c/o 71 Roosevelt Avenue
Non-Domestic
Stratford, Connecticut