# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TANIA MOORER,<br>    Plaintiff,<br><br>v.<br><br>U.S. BANK NA, BENDETT AND<br>MCHUGH, et al. ,<br>    Defendants. | No. 17-cv-56 (VAB) |

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT

Tania Moorer ("Plaintiff") brings this case *pro se* against U.S. Bank NA, Successor Trustee to Bank of America, NA, Succesor in Interest to LaSalle Bank NA, on Behalf of the Registered Holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2006-EC1 ("U.S. Bank"); Bendett and McHugh ("Bendett and McHugh"); Select Portfolio Servicing, Inc. ("SPS"); and Glass and Brauss, LLC ("Glass and Brauss") (collectively, the "Defendants"). On January 12, 2017, Ms. Moorer filed her Complaint. ECF No. 1. On March 29, 2017, SPS and U.S. Bank filed a motion to dismiss the Complaint in its entirety. ECF No. 17. On April 11, 2017, Glass and Brauss filed a motion to dismiss. ECF No. 20. On May 3, 2017, Bendett and McHugh also filed a motion to dismiss. ECF No. 30. The Defendants' motions to dismiss remain pending and have yet to be fully briefed.

On June 27, 2017, Ms. Moorer filed a motion for leave to amend her Complaint, attaching a proposed Amended Complaint, ECF No. 41. Defendants Bendett and McHugh, ECF No. 43; Glass and Brauss, ECF No. 46; and SPS and U.S. Bank, ECF No. 48, have each filed objections to Ms. Moorer's pending motion for leave to amend her Complaint. On July 31, 2017,

1

Ms. Moorer filed a motion to strike, ECF No. 51, directed at Bendett and McHugh's opposition to her pending motion for leave to amend.

Under Rule 15, when a party is no longer able to amend her pleading as a matter of course and "may amend its pleading only with the opposing party's written consent or the court's leave," the "court should freely give leave when justice so requires." Fed. R. Evid. 15(a)(2). Furthermore, because Ms. Moorer is litigating this case *pro se*, the Court must afford her "special solicitude," including in procedural matters. *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (providing that district court "should have afforded [pro se plaintiffs] special solicitude" and "had an obligation to make certain that the [plaintiffs] were aware of and understood the consequences to them of their failure to comply with the Local Rules"). While there are pending motions to dismiss and the proposed Amended Complaint is, in large part, substantively similar to the original Complaint, the Court believes that, in the interests of justice, and out of consideration for Ms. Moorer's *pro se* status, Ms. Moorer should be given leave to amend her Complaint.

As the Defendants' objections to Ms. Moorer's motion to amend note, however, Defendants have already devoted time and resources to filing motions to dismiss the original Complaint, and the Amended Complaint is raising largely identical claims to the original Complaint, with only a small number of new allegations. The Court will, therefore, consider the Defendants' currently pending motions to dismiss as applying towards the Amended Complaint. As courts in this Circuit have noted, "[d]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would

be to exalt form over substance." *Empower Health LLC v. Providence Health Sols. LLC*, No. 3:10-CV-1163 JCH, 2011 WL 2194071, at *1 (D. Conn. June 3, 2011) (internal quotation marks omitted); *see also Charlton v. State of New York*, No. 03-CIV-8986 (LAK), 2006 WL 406315, at *1 (S.D.N.Y. Feb. 22, 2006) ("Since the Second Amended Complaint does not remedy all of the alleged defects that underlie defendants' motion, I deem the motion to be addressed to the Second Amended Complaint.").

For the foregoing reasons, the Court **GRANTS** Ms. Moorer's motion for leave to amend her Complaint, ECF No. 41, and the Clerk of the Court is directed to file the proposed Amended Complaint, Amend. Compl., ECF No. 41 at 2-10, to the docket. Because the Court has granted Ms. Moorer's motion for leave to amend, her motions to strike Bendett and McHugh's objection to her motion for leave to amend, ECF No. 51, is now moot.

As explained above, Defendants' pending motions to dismiss, ECF No. 41; ECF No. 46; ECF No. 48, will remain active, and the Court will deem these motions as applying towards the Amended Complaint. To the extent that Defendants wish to supplement their current motions to dismiss to address the Amended Complaint, they may file supplemental motions to dismiss by August 29, 2017.

SO ORDERED at Bridgeport, Connecticut, this 9th day of August, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge